UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JEREMY REYNA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:14-CV-147-BG |
| | ) | ECF |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Jeremy Reyna filed this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision denying his application for supplemental security income (SSI).  The district court transferred the action to the undersigned United States Magistrate Judge, but both parties did not consent to proceed before a magistrate judge.  The undersigned has considered the parties' arguments, the administrative record, and the applicable law and now recommends that the district court reverse the Commissioner's decision and remand this action to the Commissioner for additional administrative proceedings.

## I.   Standards of Review

The standard under which the Commissioner reviews a claim for supplemental security income involves a five-step sequential evaluation.  20 C.F.R. § 416.920(a)(4) (2014).  Under the sequential evaluation, an administrative law judge (ALJ) decides whether the claimant: (1) is not working in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals a listing in the regulations; (4) has an impairment that prevents him from doing past relevant work; and (5) has an impairment that prevents him from doing any other work.  *Id.*

The court's standard of review in a Social Security appeal is limited to determining whether the Commissioner's decision is supported by substantial evidence in he record as a whole and whether the Commissioner applied the proper legal standards. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).

## II.     Statement of the Case

Reyna claims that he suffers from severe mental impairments and that he became disabled as a result of his impairments on February 22, 2012.  (Tr. 69, 222.)  Although physicians have provided various and differing diagnoses for Reyna's mental impairments, he was diagnosed with major depressive disorder and personality disorder as early as 2005 and has also been diagnosed with bipolar disorder.  (Tr. 295, 306, 331.)   After he applied for SSI, he was diagnosed with schizoaffective disorder and mood disorder.  (Tr. 410, 420, 437, 452.)  The medical records show that physicians have treated these disorders with a number of medications and that Reyna has undergone inpatient treatment a number of times.  (Tr. 23, 426, 446, 471.)

The ALJ determined that Reyna's affective disorder and personality disorder are severe within the meaning of the Social Security Act at the second step of the sequential evaluation. (Tr. 42.) At the third step of the evaluation, she determined that Reyna's combined impairments did not meet the requirements of a listing in the regulations, and she specifically analyzed the impairments under Listing 12.03, the listing for schizophrenic, paranoid, and other psychotic disorders; Listing 12.04, the listing for affective disorders; and Listing 12.08, the listing for personality disorders.  (Tr. 43.)  The ALJ then determined that despite his impairments, Reyna retained the functional capacity to perform work at all exertional levels in jobs that would involve detailed but non-complex instructions, only incidental interpersonal contact with co-workers and

2

supervisors, no over-the-shoulder supervision, and few work place changes. (Tr. 45.) She then determined that Reyna could not, given these limitations, perform his past work; however, based on vocational expert testimony, she determined that Reyna could work as a machine packager and hand packager and was not disabled. (Tr. 47–49.) The Appeals Council denied Reyna's request for review, and he filed this action. (Tr. 1–4.)

Reyna brings two points of error. He contends that the ALJ erred in failing to find that his impairments meet or medically equal the criteria of Listing 12.04 and that she erred in failing to give weight to his treating physicians. Pl.'s Br. 19–22, 24–25. Based on the ALJ's decision, the medical evidence, and the applicable law, Reyna's first point of error has merit.

## III.   <u>Discussion</u>

At step three of the sequential evaluation, the ALJ compares the claimant's impairments with listings contained in appendix 1 of the regulations that are considered severe enough to disable an individual. *Loza v. Apfel*, 219 F.3d 378, 390 (5th Cir. 2000). If the Commissioner determines that the claimant's impairment(s) meet the duration requirement in the Social Security Act and that they also meet or medically equal the criteria of one of the listings in appendix 1, the claimant is presumed to be disabled and qualifies for benefits without further inquiry. *Id*. at 390. A claimant is presumed disabled under a listing in the Commissioner's regulations if his impairments meet or equal each of the specified criteria of the listing at issue. *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990).

Listing 14.04, the listing for "Affective Disorders," is the listing for impairments "[c]haracterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.04. In order to meet the criteria for listing

3

12.04, the claimant must show that his impairments meet both the "A" and "B" criteria or the "C" criteria of the listing. The ALJ determined that Reyna's impairments met the "A" criteria but that they did not satisfy either the "B" of "C" criteria. Reyna contests this determination.

As Reyna argues and the ALJ found, his impairments satisfy the "A" criteria. (Tr. 43.) In regard to the "B" criteria, there must be evidence that the claimant's mental limitations result in at least two of the following: (1) marked restriction in activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. § 12.04B. The ALJ determined that the medical evidence did not satisfy either (1), (2), or (3) of the foregoing. (Tr. 44.) She determined, however, that the evidence showed that Reyna had experienced "one to two episodes of decompensation, each of extended duration." *Id*. The medical evidence supports the ALJ's determination regarding episodes of decompensation. *See*, *e.g.*, Tr. 23, 445, 471, 426, 465. Reyna has not contested the ALJ's finding in regard to the "B" criteria.

Reyna does, however, contest the ALJ's determination in regard to the "C" criteria. In order to meet the "C" criteria, there must be a medically documented history of a chronic affective disorder of at least two years in duration that has caused more than a minimal limitation of ability to do basic work activities with symptoms or signs attenuated by medication or psycho social support and at least one of three sub-criteria: (1) repeated episodes of decompensation, each of extended duration; (2) a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or (3) current history of one or more years in ability to function outside a highly supportive living arrangement with an indication for continued need for same. § 12.04C.

4

Reyna contends that the medical evidence demonstrates all three of the "C" sub-criteria. And it would appear that the medical evidence, in fact, satisfies at least the first sub-criteria—repeated episodes of decompensation, each of extended duration—because the ALJ found that the evidence demonstrated the presence of this criterion under the "B" criteria.  (Tr. 44.) Consequently, the same must be true under the "C" criteria.  The ALJ did not, however, explain the inconsistency of finding repeated episodes of decompensation, each of extended duration, under the "B" criteria but not under the "C" criteria.  In fact, in regard to the "C" criteria, the ALJ merely noted that "None of these criteria are supported by the evidence of record."  *Id.*

Such a conclusory statement is inadequate.  In *Audler v. Astrue*, 501 F.3d 446, 448–49 (5th Cir. 2007), the Court of Appeals for the Fifth Circuit held that the ALJ is required to explain why the claimant's impairments are not severe enough to meet the criteria of a listing.  The claimant in that case contended that her impairments met the criteria of listing 1.04.  *Id.* at 448.  Despite evidence in the record of problems with the claimant's spine at the cervical and lumbar levels, the ALJ summarily concluded that the claimant's impairments did not meet the criteria of any listed impairment in the regulations, and she did not provide a reason to support her determination.  *Id.* The court found the ALJ's analysis insufficient and admonished that "'[s]uch a bare conclusion is beyond meaningful judicial review.'"  *Id.* (quoting *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996)).  The court explained that because the ALJ had offered nothing to support the step three decision, "'we, as a reviewing court, simply cannot tell whether her decision is based on substantial evidence or not.'"  *Id.* (quoting *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)).  The court indicated that such a failing requires remand if it harmed the substantial rights of the claimant.  *Id.* (citation omitted).

5

In this case, the ALJ found that the evidence showed repeated episodes of decompensation, each of extended duration, which is sufficient to satisfy the first sub-criterion of the "C" criteria of the listing.  § 12.04C*; see also* Tr. 33, 44–45, 357, 426 (evidence showing history of chronic affective disorder of at least two years duration that is treated with medication and causes more than minimal limitation of ability to do basic work activities).  Based on the medical evidence and the ALJ's finding of repeated episodes of decompensation, each of extended duration, it would appear that the criteria of Listing 12.04C is satisfied.  In the absence of any explanation from the ALJ, "a reviewing court, simply cannot tell whether her decision is based on substantial evidence or not."  *See Audler*, 501 F.3d. at 448 (internal quotation omitted).  In addition, the inconsistency in the ALJ's findings and the absence of any explanation regarding the inconsistency affected Reyna's substantial rights.  Remand should therefore issue for resolution of the inconsistency and an appropriate assessment at Step Three of the Commissioner's five-step sequential evaluation.  *Id.*

## IV.   Recommendation

It is the court's duty to determine whether the Commissioner's decision is supported by substantial evidence and was reached through proper legal standards.  *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).  The Commissioner's step three determination in this case was not reached through the application of proper legal standards and is not supported by substantial evidence.  The undersigned therefore recommends that the district court reverse the Commissioner's decision and remand Reyna's case for further administrative proceedings.

## V.   Right to Object

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this Report and Recommendation must file

specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1) (2014); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:    March 12, 2015.

NANCY M. KOENIG
United States Magistrate Judge

7